**In re Shirley Mae BOLDEN, Debtor.**

**Charles E. PEYTON, Trustee, Plaintiff,**

**v.**

**Shirley Mae BOLDEN, Defendant.**

**Bankruptcy No. 3–81–00574.**
**Adv. No. 3–81–0309.**

United States Bankruptcy Court,
W. D. Kentucky.

Dec. 22, 1981.

Charles E. Peyton, Louisville, Ky., trustee.

Richard D. Shapero, Louisville, Ky., for debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of the trustee objecting to the claimed exemptions of the debtor in a federal income tax refund in the amount of $1,266.00 and wages of $210.00. A voluntary petition in bankruptcy was filed on March 5, 1981, and a meeting of creditors was conducted pursuant to 11 U.S.C. § 341 on March 31, 1981. Charles Peyton was appointed trustee on March 9, 1981. On photographically reproduced forms a B–4 schedule was filed on which the debtor listed and claimed the following property exempt:

| Type of Property | Statute | Value |
| --- | --- | --- |
| | KRS 427 | |
| Tax Refund, pourover | wages | 75% |
| Tax Refund, pourover | misc. | 1,000 |
| HHG and WA | HHG | 3,000 |

An order of discharge was entered on July 16, 1981. On July 1, 1981, the trustee filed a complaint alleging that the debtor's claimed exemptions exceeded the statutorily allowable amounts. The debtor, in response, relies upon Rule 403, R.B.P., and Local Rule 24, enacted on October 20, 1981, which provides:

Unless the court extends the time, any objections to the claimed exemptions of

the debtor must be filed no later than fifteen (15) days after the meeting of creditors.

No amendment of the B–4 or other schedules was tendered by the debtors.

 Commencement of a case under 11 U.S.C. § 541 creates an estate. The estate includes all legal and equitable interests of the debtor in both tangible and intangible property. Once property is determined to be a part of the estate, then it must be removed by some affirmative act on the part of the party seeking to obtain possession or control of the property. One method whereby the debtor may remove property from the estate is to claim the property exempt either under federal or state exemption laws. If the debtor fails to affirmatively act, then it is automatic that the property remains a part of the estate. *In Re Boyd*, 11 B.R. 690 (Bkrtcy.W.D.Va.1981), citing 4 *Collier on Bankruptcy*, ¶ 541.02[3] (15th Ed. 1981).

 Entitlement to a claimed exemption is limited by statute. "It is automatic that the debtors must be entitled to the exemptions; a bare claim of exemption unfounded in law will not suffice." *In Re Ragsdale*, 9 B.R. 991 (Bkrtcy.E.D.Va.1981). Kentucky substantive law provides:

KRS 427.010(2) . . . The maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of either:

(a) twenty five percent of his disposable earnings for that week, or

(b) the amount by which his disposable earnings for that week exceed thirty times the federal minimum wage. . .

Although not pleaded, debtor appears to rely upon KRS 427.160, which states:

"In addition to other exemptions provided in this chapter every debtor shall have a general exemption *not to exceed* $1,000 in value to be applied toward any property . . ."

It is clear that the amounts claimed exempt by the debtor exceed the statutorily prescribed limits. It is settled law that when objection is made as to the debtor's claimed exemptions, the debtor has the burden of proof as to entitlement. *Matter of Taft*, 10 B.R. 101 (Bkrtcy.D.Conn.1981), citing 1A *Collier on Bankruptcy*, ¶ 14.59–¶ 14.60 (14th Ed. 1978).

 Debtor's reliance on Local Rule 24 is misplaced since the rule was adopted by this Court subsequent to the trustee filing his complaint. Further, Rule 403, R.B.P., from which the local rule was derived is of no assistance. In *Matter of Witlin*, 4 B.C.D. 919 (S.D.Fla.1977), an objection was filed 18 days after the trustee qualified; and in *Matter of Cunningham*, 5 B.R. 709 (Bkrtcy. D.Mass.1980), a complaint was filed one month after the expiration of an extension of time granted by the Court. Both courts heard the respective objections and found that the procedural deficiency was not fatal.

Further, in *In Re Pommerer*, 10 B.R. 935 (Bkrtcy.D.Minn.1981), it was found that where the United States trustee had not objected within the 15-day period to certain claimed exemptions, a subsequent challenge by a creditor was not foreclosed.

 Here the exemptions were not properly claimed. The debtor failed to specifically clarify what property was being claimed exempt, in what amount, and under what statute. It is the conclusion here that the position of the trustee must be sustained.

IT IS ORDERED AND ADJUDGED that the debtor shall have twenty (20) days to satisfy the judgment.

IT IS FINALLY ORDERED AND ADJUDGED that the debtor shall be taxed with the costs of this proceeding. Rule 754(b), R.B.P.