**In re Earl Edward NORTON d/b/a Norton's Wrecker Service f/d/b/a Middlebrook Bi-Lo, Debtor.**

**Earl Edward NORTON d/b/a Norton's Wrecker Service f/d/b/a Middlebrook Bi-Lo, Plaintiff,**

v.

**BROKERAGE OIL COMPANY, Defendant.**

**Bankruptcy No. 3–83–00164. Adv. No. 3–83–0246.**

United States Bankruptcy Court, E.D. Tennessee.

June 14, 1983.

Glen B. Rutherford, Lockett, Slovis & Weaver, Knoxville, Tenn., for plaintiff.

D. Michael Tranum, Ayres & Parkey, Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The debtor seeks to avoid a judicial lien under 11 U.S.C.A. § 522(f)(1) (1979).[1] Defendant responds that the debtor failed to comply with Tenn.Code Ann. § 26–2–114 (1980) (Procedure for exercising exemption—Notice), and hence is now barred from claiming a 1969 Chevrolet wrecker as exempt.

### I

On September 17, 1982, defendant Brokerage Oil Company obtained a judgment against the debtor in the amount of $5,350.00. Brokerage Oil issued an execution on November 10, 1982, which was reissued and served upon the debtor on January 6, 1983. Possession of the debtor's 1969 Chevrolet wrecker was obtained by Brokerage Oil, and January 17, 1983, was set as the date for sale of the vehicle. Four days before the scheduled sale, and after the execution was served, the debtor, through his attorney, filed a motion in state court requesting a stay of sale pursuant to the "Personal Property Owner's Rights and Garnishment Act of 1978," Tenn.Code Ann. § 26–2–101 to –311 (1980). A list of exemptions including the 1969 Chevrolet wrecker was concurrently filed with the debtor's motion. Although the motion was set for hearing on February 4, 1983, it apparently was either not heard or not ruled upon.

On February 7, 1983, the debtor filed a chapter 7 petition in bankruptcy. In Schedule B–4 of his bankruptcy petition, he claims the wrecker as exempt under Tenn. Code Ann. § 26–2–102 (1980).[2]

### II

Bankruptcy Code § 522(b) provides that an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . . .

11 U.S.C.A. § 522(b) (1979).

The Tennessee Legislature enacted an "opt-out" statute, effective June 1, 1980, prohibiting Tennessee citizens from choosing the exemptions enumerated in Code § 522(d). Consequently, in Tennessee, the exemptions available to a debtor in bankruptcy are those prescribed by state law and those non-section 522(d) exemptions allowable under federal law.[3]

---

1. Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—
(1) a judicial lien; . . . .
11 U.S.C.A. § 522(f)(1) (1979).

2. *Personal property selectively exempt from seizure.*—
Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or posses- sion of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

3. The Court of Appeals for the Sixth Circuit recently upheld the validity of the Tennessee "opt-out" statute. See *In re Rhodes,* 705 F.2d 159 (6th Cir.1983).

Tenn.Code Ann. § 26–2–114 (1980) establishes the procedure for a Tennessee judgment debtor exercising the exemption provided in Tenn.Code Ann. § 26–2–102 (1980). The former statute enacts in part:

(a) Should a bona fide citizen permanently residing in Tennessee become a judgment debtor, he must exercise the exemption as provided in § 26–2–102 by filing a list of all the items he then owns, constructive or actual, which he chooses to declare as exempt, along with the value of each such item. Such listing shall be on oath and filed with the court having jurisdiction.

.    .    .    .    .

(b) Such claim for exemption by way of listing, modification or amendment thereto may be filed either before or after the judgment in the case has become final and shall have effect as to any execution issued after the date such claim for exemption is filed. However, subject to such exemption as is further set forth herein a claim for exemption filed after the judgment has become final will have no effect as to an execution which is issued prior to the date the claim for exemption is filed, and as to such preexisting execution the claim for exemption shall be deemed waived.

Subsection (c) of Tenn.Code Ann. § 26–2–114 (1980) requires the clerk of the court issuing the warrant, summons or other leading process "to cause to be stapled to, printed upon or otherwise securely affixed to the leading process a notice" informing the defendant of the Tennessee personal property exemption available, the procedure for claiming such exemption, and the consequences of the failure to timely do so.[4]

### III

As phrased by Brokerage Oil, the question presented for the court's determination is—

May a debtor exempt property under 11 U.S.C.A. § 522(b) (1979) that would not be exempt under state law because of a failure of the debtor to exercise his exemption as required by Tennessee Code Annotated § 26–2–114(b) (1980).

The debtor maintains that he did not waive his right to exercise the exemption because he did not receive notice as required by Tennessee Code Annotated § 26–2–114(c) (1980) of the procedure for claiming the exemption. The record does not support the debtor's contention, however. The officer's return states that the summons and complaint were served on the debtor on June 1, 1982. An employee of the state circuit court clerk's office has essentially affirmed that she routinely affixes a copy of the required notice to the summons. The required notice is stapled to a copy of the summons in the state court case, issued May 28, 1982, accompanying the court employee's affidavit. (See Affidavits of Bernie Nighbert, Deputy Sheriff, and Judy M. Ingram, Knox County Circuit Court employee who prepared the process.)

In *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), the Court held that a voluntary bankrupt could not claim a

---

**4.** The form of notice required by the statute recites:

NOTICE
TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [Acts 1978 (Adj.S.), ch. 915, § 4; impl. am. Acts 1980 (Adj.S.), ch. 919, § 2; modified; T.C.A., § 26–203.]

homestead exemption which had not been established as required by the laws of the state of his domicile at the time the petition was filed. The laws of the state of Idaho, situs of the land at issue in *White,* conditionally provided for a homestead exemption—a successful claimant was required by statute to have filed a declaration for record that the land he sought to exempt was both occupied and claimed as a homestead. Stump did not file the required declaration until a month after he had filed his bankruptcy petition and had been adjudicated a bankrupt. With his assent, Stump's wife sought to exempt their homestead for their joint benefit. The Court held that the bankrupt's right to exemptions depended upon conditions existing at the time his petition in bankruptcy was filed; that the exemption arose only when the required declaration had been filed and not before; and that the land at issue was subject to attachment and execution up to the time of filing of the declaration. Since the bankrupt's homestead was not exempt under state law when his bankruptcy petition was filed, the requested exemption was disallowed.

> Citing *White v. Stump,* Collier states:
> Accordingly, under the accepted rule, a bankrupt cannot claim an exemption which has not been established in accordance with the requirements of state law at the time of filing the petition, whether the petition by (sic) voluntary or involuntary.

1A Collier on Bankruptcy, ¶ 6.07 at 826 (14th Ed.1972).

*In re Rhodes,* 705 F.2d 159 (6th Cir.1983), the court cited the decision of the Fourth Circuit Court of Appeals in *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir.1982), holding that § 522(b)(1) of the Bankruptcy Code affords each state the option to restrict its residents to the exemptions permitted by the laws of the particular states and that the residents of those states which have exercised the option to opt-out are not only restricted to state exemptions *"but must moreover comply with the state mecha-*

*nisms for claiming those exemptions."* (Emphasis added). *Rhodes,* at 164.

The debtor in the case before this court did not comply with the mechanisms provided by the State of Tennessee for claiming personal property exemptions. The statute is clear and unambiguous: "[A] claim for exemption filed after the judgment has become final will have no effect as to an execution which is issued prior to the date the claim for exemption is filed ...." Tenn.Code Ann. § 26–2–114(b) (1980). Defendant obtained its judgment against the debtor on September 17, 1982. Execution was issued November 10, 1982, and reissued January 6, 1983. Not until January 13, 1983, did the debtor file his "Affidavit of Exemptions." The record is silent as to why the debtor failed to exercise his exemption rights within the prescribed time.

The vehicle is subject to defendant's levy and sale by judicial process.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.