**In re Coy C. BENNETT, Geneva Bennett.**

**Bankruptcy No. 1-83-00293(D).**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 9, 1984.

894

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Lien avoidance, a debtor's remedy we had thought laid to rest in this district, is sought to be disinterred by the motion at hand.

The short but troubled history of lien avoidance as an extraordinary supplement to a bankrupt debtor's "fresh start" need not be recounted here. Suffice it to say that judicial decisions [1] and amendments to state law [2] have all but stricken from the books a concept that was just three years old, leaving only judicial liens within the power of a debtor to eradicate through bankruptcy.

This debtor's motion would resurrect the concept by having us declare a new form of common law exemption which, if recognized, would permit the debtor to avoid certain liens which would impair that exemption. Put a slightly different way, if the exemption claimed here is permissible, lien avoidance logically follows.

The property claimed as exempt here consists of encumbered household goods which would have qualified under pre-1982 law but no longer fit within a statutory category. The medium through which the debtor seeks to "stretch" the permissible exemptions in order to qualify for lien avoidance is Section 522(*l*) of the Bankruptcy Code. That section provides:

(1) The debtor shall file a list of property that the debtor claims as exempt under

subsection (b) of this section ... *Unless a party in interest objects, the property claimed as exempt on such list is exempt.* (Emphasis supplied).

Read quite literally, the statute seems to say that unless a party raises an objection, a debtor may claim an exemption in any property that he himself characterizes as exempt—an exemption, as it were, by declaration. That is the reading urged upon us by the debtor. We cannot accept it. For the second time in recent days we are unable to give the expected legal effect to statutory language which, standing alone, seems perfectly clear.[3]

Language has meaning only if words are given the definition associated with them in common usage. This first principle is particularly important in extracting the meaning of statutes which touch upon broad areas of social conduct that are generally understood without any reference to statutory law, such as the making of contracts through voluntary bargaining. Any statutory language which operates in derogation of the common law of contracts, for example in the imposition of new duties or the curtailment of known rights, must be read so as to be carefully contained.

Exemptions are a classic example of statutory exceptions to the law of contracts. Exemptions operate to impair the general law of secured property to prevent the unconscionable result of an attaching creditor literally throwing his debtor naked into the streets. Because exemptions constitute such a narrow and particularized class of exception, they are to be found only in statutory law, not common law.

It has become an old chestnut of bankruptcy law that "exemptions in favor of the debtor are to be liberally construed." [4] The maxim is valid so far as it

---

1. *In re Pine,* 717 F.2d 281 (6th Cir.1983); *In re Wells,* BK 382–01881 (W.D.Ky. Sept. 13, 1983) (Unreported).

2. KRS 427.010 as amended by Acts 1982 c. 336, effective July 15, 1982.

3. *In re Rennels,* 36 B.R. 885 (Bkrtcy.W.D.Ky. 1984), held that the word "shall" in 11 U.S.C.

§ 524(d) may be read permissively to allow debtors to waive their attendance at discharge hearings.

4. *See* discussion at 3 *Collier on Bankruptcy* ¶ 522.01 et seq.; *Matter of Smith,* 640 F.2d 888 (7th Cir.1981).

goes, but it presupposes the existence of a statutory category of exemptions into which the debtor's claim may be placed and analyzed.

No proposition could be more clear than that a claim of exemption must be measured against the demands of statutory law. Sixty years of consistent interpretation, in decisions ranging from the Supreme Court of the United States[5] down to the bankruptcy court for this district,[6] put the matter beyond any doubt.[7]

Even without the support of an overwhelming body of case law[8] construing existing and analogous older statutes, the same result would obtain through a conjunctive reading of 11 U.S.C. § 522(*l*) with other applicable subsections of § 522.

Both § 522(*l*) and § 522(f), the latter of which creates the lien avoidance remedy sought by this debtor, incorporate by reference the provisions of § 522(b). That subsection limits exemptions to "any property that is exempt under Federal law ... *or State or local law* that is applicable on the date of filing of the petition ... "

This debtor's petition was filed in June, 1983, almost a year after KRS 427.010 was amended to deny exemptions in property subject to a consensual lien.

The debtor's own argument acknowledges that there must be a statutory basis for exemptions. He admits that he "could not reasonably and validly claim his oil wells as exempt. However, household goods have commonly and uniformly been exempt under federal or state law."[9]

That very argument makes the strongest case against the judicial creation of a scheme of common law exemptions. There must be a clear classification of the types of property entitled to special treatment, and that classification is a legislative, not a judicial, function.

What we have chosen to call "exemption by declaration"[10] is unacceptable for broader policy reasons. The obvious result of such a rule would be to encourage a debtor's claim that *all* of his property is exempt, leaving it to the bankruptcy trustee and creditors to successfully challenge that claim. We would revert to the law of the streets, with bare possession constituting not nine, but ten, parts of the law; orderly administration of estates would be replaced by uncertainty and constant litigation if not outright anarchy.

None of these ominous forebodings are intended to make light of the ingenious theory of law that has been placed before the court. It is only through such partisan speculation that the law maintains its currency and vitality, and we may admire the effort even while rejecting its thesis.[11]

In addition to the central argument made by the debtor, he raises certain constitutional objections to KRS 427.010. Those constitutional questions we regard as having been resolved by *Rhodes v. Stewart,*[12] which upheld the states' regulatory power pursuant to the "opt-out" clause of 11 U.S.C. § 522(b)(1).

█ Having disposed of this controversy on the narrower ground of statutory con-

**5.** *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).

**6.** *In re Bolden,* 20 B.R. 686 (Bkrtcy.W.D.Ky. 1981).

**7.** *See also, In re Ragsdale,* 9 B.R. 991 (Bkrtcy.E. D.Va.1981); *In re Boyd,* 11 B.R. 690 (Bkrtcy.W. D.Va.1981); *Matter of Yancey,* 23 B.R. 945 (Bkrtcy.E.D.Mich.1982); *In re Norton,* 30 B.R. 712 (Bkrtcy.E.D.Tenn.1983); *Matter of Elliott,* 31 B.R. 33 (Bkrtcy.S.D.Ohio 1983).

**8.** *See* cases cited in notes 5–7 supra.

**9.** Debtor's Memorandum filed Dec. 6, 1983, at p. 4.

**10.** *See* text preceding note 3, supra.

**11.** This court has consistently respected the advancement of legal theories of "unique and provocative nature," *In re Kaleher,* 19 B.R. 39, 41 (Bkrtcy.W.D.Ky.1982) (Seeking state law exemption for federal tax refund): *In re Smith,* 35 B.R. 95 (Bkrtcy.W.D.Ky.1983) (alleging real estate reaffirmation agreement requires court approval to be binding).

**12.** 705 F.2d 159 (6th Cir.1983). See also Mordy, Dunn and Johnson, *Constitutionality of "Opt-Out" Statutes Providing for Exemptions to Bankrupts,* 48 Mo.L.Rev. 627 (1983).

struction, we need consider no further the additional constitutional claims advanced by the debtor. We would add in closing, however, that even if approached, the issue of alleged invalidity of KRS 427.010 in light of Section 59 of the Kentucky Constitution would prove insubstantial. The Kentucky statute clearly lies beyond any of the 29 enumerated types of "special legislation" specifically prohibited by Section 59, and is therefore "general legislation" well within the province of the legislature to enact. Similarly, concerning the alleged federal unconstitutionality of either 11 U.S.C. § 522 or KRS 427.010, we consider *Rhodes v. Stewart,* supra, as dispositive.

Based upon the foregoing reasoning and authorities, the debtor's lien avoidance motions are hereby OVERRULED. This is a final order.