**In re Donald Raye GIBBS, Larecea B. Tabor Gibbs, Debtor.**

**Bankruptcy No. 18300576.**

United States Bankruptcy Court, W.D. Kentucky.

May 18, 1984.

Ray B. White, Bowling Green, Ky., for debtors.

Larry F. Hinton, Bowling Green, Ky., for creditor.

Henry H. Dickinson, Glasgow, Ky., trustee in bankruptcy.

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

These debtors seek to characterize as a "judicial lien," and therefore avoid, an order of garnishment which occurred eight months before their bankruptcy. If successful, the debtors would realize an additional exemption in the amount of the garnishment, $230.34. We are unable to grant the requested relief, for reasons not addressed in the debtors' brief.

The only relevant facts, which are uncontested, are that (a) the Allen District Court issued an order of garnishment against the wages of Larecea Gibbs in favor of Creditors' Collection Bureau, Inc., on April 1, 1983; (b) the order was promptly honored by the garnishee; and (c) Mrs. Gibbs and her husband declared bankruptcy on December 7, 1983.

With the garnishment having occurred well before the 90 days preceding bankruptcy, counsel for the debtor cannot characterize the involuntary transfer as a preference and seek its return on that basis. The only available line of attack was to attempt to overturn the garnishment as a "judicial lien," avoidable under 11 U.S.C. § 522(f) and the only remaining type of lien which remains avoidable in this jurisdiction.[1]

■ A comprehensive reading of Section 522 of the Bankruptcy Code makes it unnecessary for the court to determine whether an order of garnishment issued and complied with more than 90 days prior to bankruptcy is a "judicial lien" avoidable under Section 522(f). The funds affected by the Allen District Court order are not "property of the estate" upon which the debtors could claim an exemption or, consequently, avoid a lien.

■ The case provides us an opportunity for a simple restatement of the consequential character of the lien avoidance remedy. Lien avoidance by definition may be had only "to the extent that such lien impairs an exemption to which the debtor would have been entitled ..." 11 U.S.C. § 522(f). For Mrs. Gibbs to be able to avoid this garnishment order, in other words, she would first have to establish her right to an exemption in the garnished wages. Exemptions, in turn, may be claimed only against "property of the estate." 11 U.S.C. § 522(b).

■ To further simplify our characterization, the remedy sought here must be sequentially invoked. A debtor must demonstrate, in order, that there is (a) property of the estate, (b) in which he can claim a valid exemption, to the extent of which (c) a lien against that property may be avoided under Section 522(f) as judicially interpreted.[2]

"Property of the estate" is defined—however exclusively—in Section 541 of the Bankruptcy Code. We are unable to find in that section any safe haven for funds attached long before bankruptcy pursuant to a state court order which was not only final but fully complied with. That is to say, we can find no "legal or equitable interests of the debtor in property," 11 U.S.C. § 541(a)(1), in the case of garnished funds long ago paid over by Mrs. Gibbs' employer to the Creditors Collection Bureau.

Without being able to show any legal or equitable interest in the garnished funds, Mrs. Gibbs' claim must fail. It is not enough for her to characterize the funds as exempt and then claim them as such, *In re Bennett*, 36 B.R. 893 (Bkrtcy.W.D.Ky. 1984), for the consequential nature of lien avoidance which we have described does not operate in inverse order. The funds do *not* become property of the estate simply because she claims an exemption in them.

Twice before we have predicted the end of legal efforts to revivify the lien avoidance remedy.[3] The instant case dissuades us from any further such prognostications. Efforts of counsel to maximize their clients' "fresh start" are destined to spring eternal, and, we must say, apparently proceed from a conscientious concern of the *pro bono* sort. It is not likely that counsel here, for example, could expect to be adequately compensated for the sort of effort that obviously went into this brief. But despite nobility of motive and dedication to cause, this claim nevertheless fails of a basic statutory infirmity. The debtor's motion for lien avoidance is OVERRULED. This is a final order.

---

**1.** *In re Pine,* 717 F.2d 281 (6th Cir.1983); *In re Wells,* BK38201881 (W.D.Ky. Sept. 13, 1983) '(Unreported).

**2.** *In re Pine* and *In re Wells,* supra note 1.

**3.** *In re Bennett,* .supra; *In re Jent,* 37 B.R. 561 (Bkrtcy.W.D.Ky.1984).