**In re Ursula M. RICHARDSON, Debtor,**

**CREDIT BUREAU OF HOPKINSVILLE, INC., Movant,**

v.

**Ursula M. RICHARDSON, Respondent.**

**Bankruptcy No. 382–01101.**

United States Bankruptcy Court,
M.D. Tennessee.

Aug. 13, 1985.

Jack M. Rudolph, Clarksville, Tenn., for debtor.

David L. Cotthoff, Hopkinsville, Ky., for movant.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether a Chapter 7 debtor can exempt and recover funds garnished from the debtor three years before bankruptcy, but still held by the clerk of the state court at the time of the petition. Based on our interpretation of the Kentucky law of garnishment and guided by this court's decision in *In re Perry*, 48 B.R. 591, 12 COLLIER BANKR. CAS.2d 927 (Bankr.M.D.Tenn.1985), we hold that the debtor can recover and exempt the funds.

I.

On April 12, 1979, Credit Bureau of Hopkinsville, Kentucky ("Credit Bureau") secured a judgment in the Circuit Court for

Christian County, Kentucky against Ursula M. Richardson ("debtor") in the amount of $4,000. A post-judgment order for garnishment was served on May 3, 1979 against United Peoples Bank of Pembroke, Kentucky. The sum of $1,618 was garnished from the debtor's account at United Peoples Bank and forwarded to the Clerk of the Christian County Circuit Court. Credit Bureau has never claimed the money and the funds have remained with the clerk to this time.[1]

On April 8, 1982 the debtor filed a Chapter 7 petition. The trustee filed a no-asset report and on June 22, 1982 the debtor received a discharge of her debts including the April 12, 1979 judgment.

On March 8, 1985, the debtor filed a motion to reopen her case and claim the garnished funds as exempt. She stated that at the time of her bankruptcy filing, she believed the garnished funds had already been paid over to Credit Bureau and thus were not available for administration in her case. When she discovered that the state court clerk still held the funds, she filed the motion to reopen.

This court entered an order on May 2, 1985 allowing the case to be reopened but reserving the question of entitlement to the funds. Both Credit Bureau and the debtor have filed motions for summary judgment claiming the funds.

## II.

Credit Bureau relies chiefly on *In re Gibbs*, 39 B.R. 214 (Bankr.W.D.Ky.1984). In *Gibbs*, Judge Deitz held that under Kentucky law the debtor retained no interest in funds garnished eight months before a bankruptcy filing. Focusing on 11 U.S.C. § 541, the court explained, "we are unable to find in this section any safe haven for funds attached to a state court order which was not only final but fully complied with."

In *Gibbs* the garnished funds were actually paid to the creditor long prior to bankruptcy. In the present case the funds were held by the court clerk and have never been paid to the garnishing creditor. The debtor argues this distinction is controlling.[2]

In many instances, a debtor retains an interest in property for bankruptcy purposes notwithstanding levy or seizure by a creditor prior to the filing. This is the lesson of *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). However, *Whiting Pools* recognized that a levy or seizure may divest the debtor of all property interests and transfer ownership to the creditor. *Whiting Pools*, 462 U.S. at 209–12, 103 S.Ct. at 2315–17, 76 L.Ed.2d at 525–26. In the context of the Tennessee garnishment law and an action to recover a preference, this court has recently examined the interplay of state and federal law where the existence of a property interest is important for bankruptcy purposes. *See In re Perry*, 48 B.R. 591, 12 COLLIER BANKR. CAS.2d 927 (Bankr.M.D.Tenn.1985). We must examine Kentucky law to determine whether this debtor retained an interest in the garnished funds held by the state court clerk sufficient to support a claim for exemption.

The Kentucky garnishment statute in effect in 1977 provided in relevant part as follows:

(1) Any person in whose favor a final judgment in personam has been entered in any court of record of this state may, upon the filing of an affidavit by him or his agent or attorney in the office of the clerk of the court in which the judgment was entered, and in the same cause in which said judgment was obtained showing the date of the judgment and the amount due thereon, and that one or more named persons hold property belonging to, or are indebted to, the judg-

---

1. Credit Bureau explains its perplexing failure to claim the garnished funds by stating that it never received notice from either the court clerk or the garnishee bank that the funds had been withdrawn from the debtor's bank account and deposited with the court.

2. The debtor admits that she would have no claim to the funds had Credit Bureau received the funds at the time the garnishment was executed.

ment debtor, obtain an order of garnishment directed to the sheriff, with as many copies as the plaintiff may direct, requiring him to summon the garnishees named in the affidavit to answer in the manner and at the time required for an answer by the Rules of Civil Procedure, and to make due return thereof. The order shall be made returnable as an order of arrest is directed to be returned.

. . . .

(4) The judgment debtor may, on the return day, appear and claim the exemption of any property or debt that is exempt from execution, and on proof of exemption the garnishment shall be discharged as to the exempt property or debt.

(5) If the court finds that the garnishee was, at the time of service of the order upon him, possessed of any property of the judgment debtor, or was indebted to him, and the property or debt is not exempt from execution, the court shall order the property or the proceeds of the debt applied upon the judgment.

. . . .

(8) The order of garnishment shall be directed and delivered to the sheriff, with as many copies thereof as the plaintiff may direct. It shall require the sheriff

to summon the garnishees to answer in the action in the manner and at the time required for an answer by the Rules of Civil Procedure, and to make due return thereof.

KY.REV.STAT.ANN. § 425.501 (Baldwin 1979).[3]

The garnishee was required to pay according to the provisions of KY.REV.STAT. § 425.516:

The garnishee may pay the money owing to the defendant by him, not exceeding the plaintiff's claim and costs, to the sheriff having in his hands the order of attachment, or into the court; and to that extent he shall be discharged from liability to the defendant. He shall not be subjected to costs beyond those caused by his resistance of the claim against him; and, if he discloses the property of the defendant in his hands, or the true sum owing by him and delivers or pays the same to the sheriff, or according to the order of the court, he shall be allowed his costs.

KY.REV.STAT.ANN. § 425.516 (Baldwin 1979).[4]

The Kentucky Rules of Civil Procedure also provide directions to the parties to a garnishment. Rule 69.02 reads as follows:

---

**3.** Effective June 13, 1984, the statute was amended as follows:

(1) Any person in whose favor a final judgment in personam has been entered in any court of record of this state may, upon the filing of an affidavit by him or his agent or attorney in the office of the clerk of the court in which the judgment was entered, and in the same cause in which said judgment was obtained showing the date of the judgment and the amount due thereon, and that one or more named persons hold property belonging to, or are indebted to, the judgment debtor, obtain an order of garnishment *to be served in accordance with the Rules of Civil Procedure.*

. . . .

(4) The judgment debtor may appear and claim the exemption of any property or debt that is exempt from execution, and on proof of exemption the garnishment shall be discharged as to the exempt property or debt.

. . . .

(8) The order of garnishment shall be *served in accordance with the Rules of Civil Procedure.* It shall summon the garnishees to answer in the action in the manner and at the

time required for an answer by the Rules of Civil Procedure, and to make due return thereof.

1984 Ky.Rev.Stat. & R.Serv.Chap. 158, § 8 (Baldwin).

**4.** Effective June 13, 1984, the statute was amended as follows:

The garnishee may pay the money owing to the defendant by him, not exceeding the plaintiff's claim and costs, to the sheriff having in his hands the order of attachment, or into the court *or to such person as the court may direct in accordance with the Rules of Civil Procedure;* and to that extent he shall be discharged from liability to the defendant. He shall not be subjected to costs beyond those caused by his resistance of the claim against him; if he discloses the property of the defendant in his hands, or the true sum owing by him and delivers or pays the same to the sheriff, or according to the order of the court, he shall be allowed his costs.

1984 Ky.Rev.Stat. & R.Serv.Chap. 158, § 9 (Baldwin).

(1) Services of post-judgment orders of attachment or garnishment upon third-party garnishees, such as employers and financial institutions, shall be served as prescribed in Rule 4 or, at the option of the plaintiff, may be directed by the plaintiff to the garnishee by regular first class or certified mail, or may be personally served by any person authorized to serve a subpoena pursuant to Rule 45.03. Expenses shall be recoverable as costs.

(2) Upon receiving a post-judgment order of garnishment, the garnishee shall answer within the time required by Rule 12.01, and unless otherwise ordered by the court shall make payments directly to the attorney for the party in whose behalf the order of garnishment was issued. If such party has no attorney of record, as, for example, in the instance of a "small claim," payments by the garnishee shall be made to the clerk of the court.

If the garnishee had made a direct payment to Credit Bureau's attorney or if the garnished funds had been delivered by the sheriff or the court clerk to the creditor, this court would find that the debtor's interest terminated. There does not appear to be any further due process right afforded the garnishment debtor under Kentucky law after the garnishee pays the money to the creditor or the creditor's lawyer.

However, we know that the funds were not paid to the creditor in this proceeding, but remained in the control of the state court. We cannot determine whether the bank was directed to pay Credit Bureau's attorney in accordance with Rule 69.02(2) or whether the bank was directed to pay the funds into the court or to a sheriff as indicated at KY.REV.STAT. § 425.516. Neither party in this proceeding has provided us with a copy of the May 3, 1979 order for garnishment served on United People's Bank. We have no record of whether the court ordered that the garnished funds be applied to the judgment as contemplated by § 425.501(4). Under other garnishment schemes, payment by the garnishee to the court does not complete the process so as to divest the debtor of any interest in the funds. For example, in Alabama, the court must issue an Order of Condemnation before the court clerk pays garnished funds over to the creditor. Where such an order has not yet been extended, the debtor still has interest in the garnished funds which can be claimed as estate property. *See In re Lewis,* 21 B.R. 926 (Bkrtcy.N.D.Ala.1982); *White v. Stephens,* 43 Bankr. 97 (Bankr.N.D.Ala.1984). In Tennessee the debtor's interest in garnished funds is not terminated until the court pays the funds over to the creditor. *See In re Perry, supra; Eggleston v. Third National Bank,* 19 B.R. 280, 285, 9 BANKR.CT. DEC. (CRR) 44, 47 (Bankr.M.D.Tenn.1982).

Whether following instructions or not, the garnishee paid the money into the court. Further state court involvement was and is necessary if Credit Bureau is to obtain possession of the funds. The Civil Rules of Kentucky provide that money deposited with the court clerk "shall be paid only upon the check of the clerk of the court, annexed to its certified order for the payment, and in favor of the person to whom the order directs the payment to be made." CR 67.03. The debtor has not lost her right to petition the state court for possession of the funds, for example, by showing that the underlying judgment debt has been discharged in bankruptcy. Upon the rationale of *Whiting Pools* and *In re Perry, supra.,* the funds are property of the estate and may be recovered by the debtor.

An appropriate order will be entered.