In the Matter of David Wayne ROBER-
SON, Vicki Sue Roberson, Debtors.

David Wayne ROBERSON and Vicki Sue
Roberson, Plaintiffs,

v.

Sheila HUNTER, Defendant.

Bankruptcy No. 80–0067.

United States Bankruptcy Court,
D. Idaho.

Oct. 17, 1980.

Stephen W. Boller, Hailey, Idaho, for plaintiffs.

Janet C. Wygle, Luboviski, Wygle & Fallowfield, Ketchum, Idaho, for defendant.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

By this action plaintiff debtors seek to recover a 1976 Ford pickup from defendant which vehicle, according to plaintiff's complaint, was in defendant's possession on the date plaintiffs filed a petition in this Court as the result of a Sheriff's Sale under a Writ of Execution issued pursuant to a Default Judgment theretofore obtained by defendant. Plaintiffs also allege that in their petition for relief in this Court they claim the truck as exempt property under 11 U.S.C. § 522 and that the levy and sale by the Sheriff constituted a preferential transfer under 11 U.S.C. § 547(b).

Defendant pleads numerous affirmative defenses including the allegation that plaintiffs' claimed exemption should be reduced in amount; that plaintiffs defrauded the Court, the Trustee, and creditors by failing to schedule the true value of the truck in their schedules; that the defendant did not receive a preference because she received no more than she would have received in a Chapter 7 liquidation; that the truck was abandoned and that this Court has lost all jurisdiction over it; that the acts of plaintiffs mislead defendant, defrauded her, and the debt is thus a nondischargeable one; that defendant is entitled to a secured status; that the truck has a value in excess of the allowable exemption and that plaintiffs' only remedy is under 11 U.S.C. § 722.

A pretrial conference was held at which time it was stipulated

"That in plaintiffs' bankruptcy proceeding, plaintiffs claim an exemption in a 1976 Ford F–250 pickup truck in the amount of $1,200.00. That said exemption was not objected to by trustee and trustee later, with the approval of this court, abandoned any claim to the truck in question for benefit of the estate of plaintiffs."

At the same pretrial it was agreed that the Court would decide "whether or not a preference can occur where the property transferred as an alleged preference is either exempt in the bankruptcy proceeding or is abandoned" prior to a trial of disputed factual issues. Both counsel have submitted briefs and now being advised, I reach the following conclusions:

## I.

The legal title to the vehicle in question is in defendant as a result of the Sheriff's Sale made pursuant to a Writ of Execution, which sale was completed prior to the time plaintiffs filed their voluntary request for relief in Bankruptcy Court. The judgment lien was thus extinguished.

"xxx Where the lien of a judicial proceeding has been enforced by the sale of the debtor's property subject thereto and the proceeds paid over to the lien creditor prior to the debtor's bankruptcy, the lien becomes merged in the payment and accordingly cannot be affected by a § 67a notwithstanding the occurrence of bankruptcy within four months of the acquisition of the lien. xxx" [4 Collier on Bankruptcy, (14th Ed.), 174]

Although plaintiffs in their brief assert they have a claim under Section 522(f)(1) which permits the avoidance of the fixing of a judicial lien on the interest of a debtor in property to the extent such lien impairs an exemption to which the debtors would have been entitled under Section 522(h), they are in error because the lien was extinguished prior to their filing herein.

## II.

The Sheriff's sale was an involuntary transfer of debtors' property prior to their request for relief. [11 U.S.C. § 101(40)]. Plaintiffs have stated a claim to set aside that transfer as a preference under Section 522(h). This provision allows a debtor to avoid a transfer of property to the extent

**36**

the debtor could have exempted such property if the transfer was involuntary and the property had not been concealed by the debtor and if such transfer could be avoided by trustee as a preference under Section 547, were it not exempt, but trustee has not attempted to do so.

### III.

■ The fact that the truck in question was purportedly abandoned as an asset of the estate without protest by plaintiffs after notice to plaintiffs of the request, does not nullify plaintiffs' right to set aside the transfer as a preference to the extent of plaintiffs' exemption. Trustee abandoned the vehicle in the belief that it was part of the debtors' estate as shown on debtors' schedules and that it had no value above plaintiffs' allowable exemption on it. The truck was not a part of debtors' estate on the date of plaintiffs' filing herein because it had been transferred to defendant and can only become such if it is recovered for the estate as a preferential transfer. If trustee abandoned anything, it was a chose in action for recovery of the vehicle as the result of preferential transfer. The fact that this chose in action may have been abandoned does not oust this Court of jurisdiction. Title 28 U.S.Code, Chapter 90 Section 1471 grants this court jurisdiction of all civil proceedings arising under Title 11 U.S. Code. Plaintiffs' cause of action arises under Sections 522 and 547 of Title 11.

### IV.

Under the Bankruptcy Statute of 1898 it was well established that there could be no preference as the result of a transfer of exempt property by a bankrupt. See Vol. 3 (Part 2) Collier on Bankruptcy (14th Ed.), 879, Section 60.25. That Act did not give a debtor any right to protect his exemptions against preferential transfers. It dealt only with the trustee's right to set aside preferences. The Bankruptcy Reform Act of 1978 gives the debtor a new right to protect his exemptions from preferential transfers if the preferential transfer was involuntary and debtor had not concealed the property. Section 522(h)(2). While defendant's answer raises the issue of whether or not plaintiffs had attempted to conceal this asset, that issue cannot be decided until after trial.

### V.

The requirement of Section 547(b)(5), does not as a matter of law defeat plaintiffs' claims. This section says:

"Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—that enables such creditor to receive more than such creditor would receive if—

A. the case were a case under chapter 7 of this title;

B. the transfer had not been made; and

C. such creditor received payment of such debt to the extent provided by the provisions of this title."

■ Defendant contends that even if an involuntary transfer occurred as the result of the Sheriff's Sale, she will remain a judgment lien creditor and as such has received nothing more than she would receive in a liquidation. This is incorrect because the judgment lien was extinguished by the Sheriff's Sale and delivery of title to defendant. She, thus, would be a general creditor and as such could only receive her pro rata dividend from the liquidated non-exempt assets and as such would receive less than she now has.

In summary, I find for the plaintiffs on the issue stipulated to be decided at pretrial conference. As a result, this matter should proceed to trial. Upon proof that the attorney's fees awarded counsel for defendant by Order of this Court dated September 12, 1980 had been paid, it will be set for trial.