

Ronald S. Goldberg, Silver Springs, Md., for debtor Alfred Taylor.

Cynthia A. Niklas, Washington, D. C., Pitts, Wike, Niklas, & Bonner, Accokeek, Md., trustee.

### In re Alfred TAYLOR, Debtor.

### Bankruptcy No. 80–00083.

United States Bankruptcy Court, District of Columbia.

Jan. 29, 1981.

## MEMORANDUM OPINION

(Trustee's Objection to Amended Schedule B–4—Debtor's Exemptions)

ROGER M. WHELAN, Bankruptcy Judge.

The issue in this contested matter arises from the trustee's objection to the Debtor's amended claim to exemptions filed subsequent to the trustee's final report and account in this case. The debtor, predicated on an amended Schedule B–3 and B–4 (property claimed as exempt) seeks to exempt the amount of $103, which represented moneys paid over to a pre-petition creditor (George's Radio and TV) pursuant to a writ of garnishment secured in the D. C. Superior Court in Civil Action 2817–79 (see Statement of Affairs No. 9 of debtor's Chapter 13 Statement). Although not cited in the debtor's pleadings, the debtor is claiming the garnished funds pursuant to

Section 522(h) of the Bankruptcy Code.[1] Although the amount in question is minimal, the issues raised are important. They are of particular significance in that they relate to the administration of an estate by the trustee under the new Bankruptcy Code and concern the proper application of the debtor's new avoidance powers under the Bankruptcy Code.

The relevant chronology of events pertaining to the debtor's claim of exemption, and the trustee's objection are as follows.

The debtor originally filed a petition under Chapter 13 of the Code on March 6, 1980, and the Chapter 13 statement accompanying such petition (Paragraph 9) disclosed that an outstanding wage garnishment in favor of George's Radio and TV was then outstanding in favor of said creditor as garnishee. The wages garnished prior to the filing of the petition were never claimed as exempt by debtor's counsel. On April 7, 1980, an adversary proceeding (AP # 80–0021) was initiated by the debtor to recover these proceeds. However, the proceeding was dismissed. Debtor's counsel indicated at trial that the adversary proceeding was dismissed because the creditor had agreed to pay over the garnished proceeds in issue. It appears, however, that the funds were paid to the trustee and not to the debtor. On May 9, 1980, the Chapter 13 was converted to a Chapter 7 (straight bankruptcy) and again the Schedule B–4 filed in the Chapter 7 case failed to assert any right to the garnished wages. On May 29, 1980, the trustee filed a report of inventory and specifically reported as an asset of the estate:

"Preferential payments arising out of garnishment of wages by and on behalf of George's Radio and TV, Inc."

On July 15 the debtor was discharged after a hearing in open court and subsequent thereto on August 25, 1980, the trustee filed her first and final account in this case. Within the account, the garnished funds in question were specifically included, and reported by the trustee as an asset of the estate. As evidenced by the trustee's final account, and because the time for the filing of proofs of claims expired on July 11, 1980, the estate became ready for closing and distribution to creditors. The issue for resolution by this court arises as a result of the debtor's filing on November 3, 1980, an amended Schedule B–3 and B–4 in which the garnished wages were claimed as exempt for the first time.[2]

It is clear and undisputed by the parties that the payment of $103 within 90 days prior to the filing of the bankruptcy petition was a direct result of a judicial lien of garnishment secured and obtained by the creditor within the 90 days prior to bankruptcy. It is further undisputed by the parties that this judicial lien, secured within the 90-day period, resulted in a preference under Section 547 of the Bankruptcy Code.[3] Accordingly, the recovery of such moneys by the debtor would be pursuant to one of the new avoidance powers granted to debtors pursuant to Section 522(h) which specifically states in relevant part:

"(1) such transfer is avoidable by the trustee under § . . . 547 . . .; and

(2) the trustee does not *attempt* to avoid such transfer." [emphasis added]

---

1. Section 522(h) specifically states as follows:
    "The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
    (1) such transfer is avoidable by the trustee under this section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title: and
    (2) the trustee does not attempt to avoid such transfer.

2. No reference, however, is made by debtor's counsel to any specific section of the Bankruptcy Code. Objections were timely filed by the trustee in bankruptcy on November 28, 1980, and the matter was heard and decided by this court on January 15, 1981.

3. The specific elements of a preference are specifically set forth in Section 547(b) of the Bankruptcy Code. Because the preference issues were not raised, the court will assume for purposes of this proceeding that all elements of Section 547 were present.

Section (h) of 522 should be contrasted with the preceding section 522(g) which permits the debtor to claim as exempt "... property that the trustee recovers under section 510(c)(2), ...". The particular sections cited in section 522(g), unlike the sections cited in subsection (h), do not deal with the classical avoidance powers of the trustee, but rather deal with outright recovery powers of the trustee pertaining to what is clearly property of the estate. The evidence of record in this proceeding clearly reflects that the trustee's right to recover the moneys in issue would not be exercised under any of the aforementioned sections of the Code; namely, those sections set forth in section 522(g) of the Bankruptcy Code. This distinction between the debtor's rights under (g) and (h) are further placed in focus by the language of section 522(k)(1) which renders the debtor liable for "the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section ...". If, however, the debtor proceeds under subsection (h), then section 522(k)(2) provides that the debtor is liable for his own "... costs and expenses of avoiding a transfer under subsection (f) or (h) of this section ...". It is clear from an examination of all sections, in proper perspective, that the debtor can properly recover property that the trustee has already recovered and that such recovery from the trustee is specifically limited to subsection 522(g). However, where recovery is limited to the specific situations delineated in section 522(h), the debtor will bear his own costs and expenses since the trustee will not ordinarily be involved in the ultimate recovery of such property.

Moreover, the debtor's right to recover under section 522(h) is expressly limited to those situations in which "... the trustee does not *attempt* to avoid such transfer." [emphasis added] In fact, the legislative history clearly provides that:

"... if the trustee does not exercise an avoiding power to recover a transfer of property that would be exempt, the debtor may exercise it and exempt the prop-erty, if the transfer was involuntary and the debtor did not conceal the property. If the debtor wishes to preserve his right to pursue an action under this provision, then he must intervene in any action brought by the trustee based on the same cause of action. It is not intended that the debtor be given an additional opportunity to avoid a transfer or that the transferee should have to defend the same action twice. Rather, [11 USC § 522(h)] is primarily designed to give the debtor the rights the trustee could have, but has not, pursued. The debtor is given no greater rights under this provision than the trustee, and thus, the debtor's avoiding powers under ... § 547 ... are subject to ... § 546, as are the trustee's powers. S.Rep.No.95–989, 95th Cong., 2nd Sess. 76–77 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862.

It is clear that the debtor's rights to recover property under this particular section of the Code is predicated on some form of abandonment by the trustee. Where the trustee actually effects a recovery under this section for the benefit of the estate, it is too late for the debtor to act at that point.

It is also imperative that at some stage of the proceeding the debtor must clearly evidence his intention to exercise his rights under this section. This was not done by the debtor in this proceeding. The debtor never formally communicated his intention to the trustee, and although an adversary proceeding was filed by the debtor as early as April 7, 1980, there is no evidence of record and no allegations in the complaint itself that the trustee was ever put on notice that the debtor intended to exempt the preferential payments arising from the garnishment. To the contrary, the trustee filed a report of inventory and specifically referred to the preferential payments "as an asset of the estate." It was not until the estate was ready for closing that the trustee had any notice of the debtor's intention to claim these funds as exempt. Such unexplained delay on the part

of the debtor[4] results in obvious prejudice to the creditors of the estate, and amounts to laches which is sufficient to bar relief in this proceeding. In order to avoid such problems in the future, whenever the debtor intends to claim as exempt, property which would be subject to one of the avoidance powers set forth in section 522(h), the debtor should formally communicate such intention to the trustee and, in turn, the trustee should file with the court, in writing, his intention not to pursue such action based on the debtor's intention to claim such property as exempt. Such action, or its equivalent, should amply evidence compliance with section 522(h)(2) that the trustee does not attempt to avoid the transfer.

**4.** Although debtor's counsel tendered as an explanation the fact that the debtor believed he would not receive his money until the end of the case; based upon the presented facts, the court does not deem this a satisfactory explanation.