**In re Ramseur Devon BERRY, Debtor.**

**Ramseur Devon BERRY, Plaintiff,**

**v.**

**FIRST–CITIZENS BANK & TRUST CO., Defendant.**

**Bankruptcy No. C–B–83–275.**
**Adv. No. 83–0641.**

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

Sept. 30, 1983.

Richard Mitchell, Charlotte, N.C., for debtor.

James L. Mason, Jr., Charlotte, N.C., for First-Citizens Bank & Trust.

## ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

This matter came before the undersigned United States Bankruptcy Judge upon Complaint to avoid Judicial lien pursuant to 11 U.S.C. Section 522 and Local Rule of July 8, 1981. The facts, stipulated between Plaintiff and Defendant, are as follows:

1. This case was commenced by the Debtor's filing a voluntary petition for relief under Chapter 7 of 11 U.S.C., on May 4, 1983.

2. On July 15, 1983 the Debtor filed a Complaint to avoid Judicial lien pursuant to Section 522 of the Bankruptcy Code and Local Rule of July 8, 1981.

3. The lien sought to be avoided and cancelled is a Judicial lien under Section 522(f)(1), being the result of a Consent Judgment entered in an action entitled *First-Citizens Bank and Trust Co. vs. Ramseur Berry*, District Court of Mecklenburg County, North Carolina, file 82–CvD–8521, in the amount of $1,961.58, with interest at 15% per annum from July 27, 1981 until December 2, 1982, and 8% thereafter until paid, together with attorney fees of $294.24 and costs of the action.

4. That thereafter First-Citizens Bank and Trust Co., through its attorney, had a copy of the Notice of Right to Have Exemptions Designated, together with a Motion to Claim Exempt Property, served on the Debtor by certified mail, return receipt requested, pursuant to North Carolina General Statutes Section 1C–1601 et al., Article 16, which is the Article under North Caroli-

na law for listing exempt property and the procedure for setting said property aside.

5. That the Notice of Right to Have Exemptions Designated with the Motion to Claim Exempt Property were served on the Debtor March 24, 1983.

6. That after service the Debtor herein did not file the Motion to Claim Exempt Property, nor did he contact the Clerk of Court of Mecklenburg County to have exempt property designated, or to take any other interest. He did not fill out the written Notice of Right to Have Exempt Property, nor did he request a hearing in writing.

7. The parties waive written answer to the Complaint herein and stipulate to the facts set out above, the Defendant admitting the allegations of the Plaintiff, except to the extent that the Defendant affirmatively pleads that the exemptions being claimed by Plaintiff have been waived under North Carolina law and could not be reasserted in the bankruptcy action.

## DISCUSSION

The issue before the Court is whether, having previously waived his right to claim exemptions set forth in North Carolina General Statutes Article 16, the Debtor can claim these exemptions having now filed a bankruptcy petition.

Bankruptcy Code Section 522(b) provides that an individual debtor may exempt from property of the estate either . . .

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the Debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . .

11 U.S.C.A. Section 522(b) (1979).

On June 2, 1981 the North Carolina Legislature exercised its right to "opt-out" of the Federal exemptions law by adopting a statute which provides North Carolina citizens with a list of exemptions available to them, and precludes a debtor's use of the federal "laundry list" by expressly not authorizing its use. North Carolina General Statutes Section 1C–1601(f) states:

"Federal Bankruptcy Act. The exemptions provided in the Bankruptcy Act, 11 U.S.C. Section 55(d), are not applicable to residents of this state. The exemptions provided by this Article shall apply for purposes of The Bankruptcy Act, 11 U.S.C. Section 522(b).

Thus the exemptions available to a North Carolina debtor in bankruptcy are those prescribed by North Carolina General Statutes Section 1C–1601, Section 1C–1602 and the non-Section 522(d) exemptions afforded by federal law.

North Carolina General Statutes Section 1C–1603(e)(2) states as follows:

"If the judgment debtor does not file a Motion to Designate Exemptions with a schedule of assets within 20 days after notice of his rights was served in accordance with General Statutes 1C–1603(a)(4) or if he does not request a hearing before the Clerk within 20 days after service of the notice of rights and appear at the requested hearing, the judgment debtor has waived the exemption provided in this Article and in Sections 1 and 2 of Article X of the North Carolina Constitution. Upon request of the judgment creditor, the Clerk shall issue a writ of execution or write of possession."

There is no question that the debtor herein failed to comply with the provisions of North Carolina General Statutes 1C–1603(e)(2). He received notice from First-Citizens and simply did not act. Thus, First-Citizens argues that the debtor, once given the opportunity to declare his exemptions, by taking no action, waived his rights under North Carolina law, and that bankruptcy does not revive rights which the debtor did not choose to exercise before bankruptcy. First-Citizens' position, however, overlooks the express language of Section 522(f). While it is true that Congress under Section 522(b) gave to the individual

states the right to "opt-out" of Section 522(d), Section 522(f) remains for the debtor's use, and any attempt of the state in its prescribed exemption provisions to strike down the provisions of Section 522(f) would appear to be unconstitutional under the Supremacy Clause.

11 U.S.C. Section 522(f) states as follows:

"*Notwithstanding any waiver* of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption *to which the debtor would have been entitled* under subsection (b) of this section, of such lien is—
(1) a judicial lien; ..." (Emphasis added).

The North Carolina exemption law does not avoid the debtor's rights under Section 522(f)(1), and that section clearly states that "notwithstanding any waiver" (which would include a state statutory waiver) the debtor can avoid judicial liens.

In *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir.1982) the debtor failed to comply with statutory requirements for recording claim of exemption prior to filing for bankruptcy. Under Virginia law, every householder is entitled to a homestead exemption for real and personal property. To claim his exemption, however, the debtor must describe and place a value on the property in a written instrument and record that instrument in the court or corporation where he resides. Virginia Code, Section 34–14. The debtor involved filed the instrument in the wrong county, and three days later filed bankruptcy, listing as exempt the property set forth in his homestead exemption. The Fourth Circuit determined that in light of Section 522(b)(2)(A), the Debtor's failure to comply with the Virginia homestead exemption statute precluded his claiming that exemption for bankruptcy purposes.

In "opting-out", Virginia prescribed how a debtor gets his exemptions for bankruptcy or for any purpose. In essence, Virginia set forth a threshold requirement in their opt-out statute, i.e. ... in order to claim the homestead exemption one must, prior to filing a petition for bankruptcy, record the written description in the court or corporation in which he resides. North Carolina has no such threshold requirement in its "opt-out" statute.

In addition to the language of Section 522(b)(2)(A), the Fourth Circuit relied on a 1924 U.S. Supreme Court case, *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) in which the Court decided, under the then existing Bankruptcy Act, that pursuant to Idaho law, land does not become exempt as a homestead from sale under judicial process until the prescribed Declaration has been filed in the office of the County Recorder. The Court held that exemptions under state law which are allowed by the Bankruptcy Act are only such as exist when the bankruptcy petition is filed. In Idaho the exemption arises when the Declaration is filed, not before. Up to that time the land is subject to execution like other land; thus, if levied on, the subsequent filing of a Declaration neither avoids the levy nor prevents a sale under it.

In the *White* case the Bankrupt filed his petition and one month later his wife attempted to claim their homestead exemption. A Declaration was then made and filed for their joint benefit, but since one of the conditions on which the property might have been exempt had not been met, no exemption was allowed.

The Court looked to a specific point in time to determine the Bankrupt's rights ... "The Bankrupt's right to control and dispose of the estate terminated as of that time (filing the petition), save only as to 'property which is exempt,' Section 70a. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process." (266 at 313, 45 S.Ct. at 104).

It is important in reading the above excerpt from the *White* opinion, to remember that the provisions of Section 522(f) were

not a part of the Bankruptcy Act under which this decision was rendered, and to relate the above with the provision of Section 522(f)(1) which speaks of avoidance of a "judicial lien; ...".

In yet another case, *McManus v. Avco,* 681 F.2d 353, 6 CBC 1194 (5th Cir.1982), the Fifth Circuit considered two bankruptcy cases, both arising out of Louisiana. This state, like Virginia and North Carolina, opt-ed-out of Section 522(d) pursuant to Section 522(b). The exemptions available under Louisiana law include household goods and furnishings (LSA–R.S. 13:3881(A)(4)). However, LSA–R.S. 13:3885 states that household goods and furnishings subject to a chattel mortgage are not exempt. While Louisiana allows an exemption for household goods, if the character of these goods is changed by subjecting them to a chattel mortgage (which is what had occurred in both of the cases on appeal) one can claim no exemption because Louisiana specifically defines goods of such character to be non-exempt. Thus, a Louisiana debtor may utilize 522(f) to avoid a chattel mortgage. There is, in essence, no impairing of an exemption "to which the debtor would have been entitled" under Section 522(b) because the State has taken away the entitlement.

See also *Norton v. Brokerage Oil Company,* 30 B.R. 712 (Bkrtcy.1983); *Pine v. Credithrift,* 18 B.R. 711, 6 CBC 444 (D.1982); and *Baxter v. Kaiser,* 19 B.R. 674, 6 CBC 643 (Bkrtcy.App.1982).

Each of the cases cited above can be distinguished from the one before the court, whether on the facts or on the law applying thereto. The North Carolina Legislature, unlike those of Virginia and Idaho, has not adopted a "threshold" requirement for claiming exemptions, nor has it stated that certain types of liens or mortgages are non-exempt as did Louisiana. The North Carolina statutory provision involved herein is couched in terms of "waiver" which, absent Section 522(f) would, indeed, bar the debtor's right to exempt his property. But Section 522(f)(1) speaks directly to "*any* waiver of exemptions" and states that notwith-

standing any such waiver, one can avoid the fixing of certain liens.

Construing the provisions of Section 522(f) liberally and in light of the Congressional goal to provide sufficient exemptions to allow the debtor to maintain some dignity while attempting financial recovery, it is clear that Section 522(f) is intended to expand the exemption granted in Section 522(b). To read it restrictively would render (f) mere repetition—a redundancy—providing for exemptions already exempt under (b). The purpose of Section 522(f) seems to be that of allowing exemption of property that would have been exempt under (b) if the liens did not exist. (See *Pine v. Credithrift,* 18 B.R. 711, 6 CBC at 446).

Assuming, arguendo, that the debtor's pre-bankruptcy inaction resulted in a valid waiver which could not be set aside under Section 522(f)(1), such 'inaction' has resulted in a transfer of a property interest, which transfer occurred "on or within 90 days before the date of the filing of the petition;". 11 U.S.C. Section 547.

Under Section 547 of the Bankruptcy Code, First-Citizens received a preferential transfer because prior to the date of the state waiver, the debtor could have set aside the lien under Section 522(f). Thus, First-Citizens has been enabled "to receive more than such creditor would receive ..." (Section 547(b)).

If deemed a preferential transfer, avoidance notwithstanding, we are dealing with the right of the Trustee to set aside the lien. Sections 522(g) and (h) give the debtor and Trustee authority to set aside preferential transfers meeting the criterion of Section 547. If after the set aside by the debtor or Trustee, the transfer is found *not* to be voluntary and that the debtor did not conceal, then the debtor can claim that property as exempt. (Section 522(g)(1)(A) and (B)). In the case before the court the transfer was not voluntary, but statutory. There was no action on the part of the debtor, and therefore the transfer was not voluntary.

## CONCLUSION

The debtor in the case before this Court did not comply with the provisions of the North Carolina exemption statute before bankruptcy, and under state law "waived" his right to an exemption. However, bankruptcy ensued and the clear language of Section 522(f) states that despite waiver, the debtor may avoid certain liens. This Court is of the opinion that this language speaks as much to "statutory" waiver as any other types of waiver.

It is hereby ordered and decreed:

The Judicial lien on the property herein is avoided pursuant to Section 522(f)(1), and the debtor can claim his exemption in such property.