**In re Kenneth N. WALTERS, Wanda L. Walters, Debtors.**

**Bankruptcy No. 2–91–01650.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 27, 1992.

Pamela N. Maggied, Columbus, Ohio, for debtors.

Paul Michael Doucher, Columbus, Ohio, for Able Industries, Inc.

Todd G. Finneran, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations And Jurisdictional Statement*

This matter is before the Court upon a motion ("Motion") filed by the debtors pursuant to 11 U.S.C. §§ 547 and 522(h) seeking avoidance of a judgment lien as a preferential transfer. The holder of such lien, Able Industries ("Able"), opposes the Motion. A hearing was held on September 16, 1991, following which the Court took this matter under advisement. The parties have filed post-hearing memoranda to supplement their legal arguments. Although the matter was initiated by motion rather than more properly by complaint, Able's response does not raise that procedural defect and, therefore, waives that argument.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(F) which this bankruptcy judge may hear and determine. For the reasons which follow, the Motion is denied.

### II. *Facts*

The debtors filed their Chapter 7 petition on March 5, 1991 ("Petition Date"). On February 21, 1991, within 90 days prior to the Petition Date, Able filed a certificate of judgment, thereby perfecting a lien on real estate owned by the debtors. The judgment evidenced by the certificate of judgment was obtained by Able outside of the 90–day preference period. The debtors assert that Able's lien encumbers property which the debtor-husband would otherwise be entitled to claim as exempt.

The debtors' statement of financial affairs filed March 5, 1991 indicates that they own a residence valued at $98,900 against which there is a first mortgage of $33,000 and a second mortgage of $36,000. Able's claim, which is secured by its judgment lien against the residence, is scheduled at $6,495.52. Each of the debtors claims a $5,000 homestead exemption in the residence under Ohio Revised Code § 2329.-66(A)(1).

Able does not contest, and apparently concedes, that each of the statutory elements of 11 U.S.C. § 547(b) has been met. Moreover, Able's opposition to the Motion does not rely on any of the statutory exceptions to the general preference rule found in 11 U.S.C. § 547(c).

Instead, Able contends that the debtors should be equitably or judicially estopped from asserting their preference claim due to the debtor-husband's prepetition conduct upon which Able asserts it reasonably relied to its detriment. More specifically, Able asserts that, but for certain promises and assurances made by the debtor-husband after Able obtained judgment against him, Able would have promptly filed its certificate of judgment to perfect its lien. Able argues that because its forbearance in this regard was both reasonable and clearly to its detriment, equity should now prohibit the debtors from avoiding the lien, especially where the avoidance will inure to the benefit of the debtor-husband and not the debtors' estate.

### III. *Issue*

The Court need not decide many of the issues raised in this matter. Instead, the Court must only determine whether the debtors have sustained their burden of proof.

### IV. *Legal Discussion*

■ In a preference action generally, the trustee has the burden of proving by a

preponderance of the evidence each and every controverted element of a preference under 11 U.S.C. § 547(b). *See*, 11 U.S.C. § 547(g).

In this matter, the debtors seek, pursuant to 11 U.S.C. § 522(h), to assert the trustee's unpursued rights under 11 U.S.C. § 547(b). The Court believes, however, that the elements of the debtors' action are not defined by § 547(b) alone.

Section 522(h) provides that a preferential transfer is avoidable by a debtor only "to the extent that the debtor could have exempted such property ... if the trustee had avoided such transfer." Accordingly, when proceeding under § 522(h), a debtor must show that upon avoidance of the subject transfer, the debtor will be entitled to claim the property as exempt under applicable law.

At the hearing on this matter, the debtors offered no evidence in support of the Motion. From a review of the debtors' statement of financial affairs, it does not readily appear to the Court that the debtor-husband would be entitled to claim additional property exempt under his homestead exemption should Able's judgment lien be avoided. Absent proof of the debtor-husband's ability to claim such exemption, the Motion must be DENIED.

IT IS SO ORDERED.