**In re Mark Douglas LAFOON d/b/a Lafoon Construction, Debtor.**

**No. 01–23563.**

United States Bankruptcy Court, E.D. Tennessee.

Feb. 22, 2002.

Margaret B. Fugate, Anderson, Fugate & Givens, Johnson City, TN, for Mark Lafoon.

Edward T. Brading, Herndon, Coleman, Brading & McKee, Johnson City, TN, for Terry Hartley.

## *MEMORANDUM*

MARCIA PHILLIPS PARSONS, Bankruptcy Judge.

This chapter 7 case is before the court on the objection to the debtor's exemption filed by Terry Hartley d/b/a Appalachian Electric ("Hartley") and the debtor's response and request to avoid transfer pursuant to 11 U.S.C. § 522(h). The primary issue presented is whether this court should follow *Norton v. Brokerage Oil Co. (In re Norton)*, 30 B.R. 712 (Bankr. E.D.Tenn.1983), wherein Bankruptcy Judge Clive Bare held that a debtor's prepetition failure to comply with state procedural mechanisms for claiming an exemption precluded judicial lien avoidance under 11 U.S.C. § 522(f)(1). As discussed below, the court concludes that due primarily to the United States Supreme Court's construction of § 522(f)(1) in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the *Norton* decision is no longer good law. Accordingly, the objection to the debtor's exemption will be overruled and the transfer avoided. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B), (F) and (K).

### I.

The debtor Mark Douglas Lafoon commenced this bankruptcy case on October 18, 2001. In his amended *Schedule C* filed on November 8, 2001, the debtor asserted a $4,000 exemption in the "Bill Hardin Job" with a current market value of $4,894.55, pursuant to Tenn. Code Ann. § 26-2-103, which allows an individual to exempt $4,000 in personal property. On

December 19, 2001, less than thirty days after the meeting of creditors held in the case, Hartley timely filed an objection to the exemption, asserting that the debtor had "lost his exemption because he failed to exercise it as required by Tenn. Code Ann. § 26-2-114(b)," citing *In re Norton*. In response, the debtor filed on January 2, 2002, a request to avoid pursuant to 11 U.S.C. § 522(h) "the transfer of $4,000 of the amount transferred to Terry Hartley d/b/a Appalachian Electric pursuant to an execution levied within ninety days of the commencement of this case," on the basis that the transfer was preferential under 11 U.S.C. § 547. The debtor asserts in the request that under 11 U.S.C. § 522(e) and *In re Smith*, 119 B.R. 757 (Bankr.E.D.Cal. 1990), the debtor's "right to avoid a transfer pursuant to 11 U.S.C. § 522(h) survives regardless of any waiver of exemption provided by Tennessee law."

These matters came before the court for hearing on February 5, 2002, whereupon counsel for the parties announced that the material facts had been stipulated and that a ruling by the court on the legal issues was all that was required. In this regard, counsel referred to their "JOINT STIPULATIONS OF FACTS" filed prior to the hearing on January 14, 2002. These stipulations establish that on December 16, 1998, Hartley obtained a judgment against the debtor in the amount of $5,000 plus costs in the General Sessions Court for Washington County, Tennessee. Thereafter, on September 26, 2001, the General Sessions Court clerk issued a garnishment summons in the amount of $4,894.85,[1] which was served on Billy Joe Hardin on October 11, 2001. That same day, Mr. Hardin delivered to the officer serving the garnishment a check in the full amount of the garnishment payable to the General

---

**1.** According to the parties' stipulations, $4,894.85 is the correct figure; the $4,894.55 amount set forth in the debtor's schedules was a typographical error.

Sessions Court clerk. When the debtor filed for bankruptcy relief under chapter 7 on October 18, 2001, these funds were still in the possession of the court clerk.

Counsel for the parties further recite in their stipulations that "[t]he debtor is a bona fide citizen permanently residing in Tennessee" and then conclude by stating:

At no times, either before [Hartley's] judgment ... became final or at any time thereafter, up to and including the present time, has the debtor filed with the General Sessions Court for Washington County, Tennessee, any list of any items owned, constructive or actual, that the debtor chooses to declare as exempt. In other words, the debtor has never filed the list described in TENN. CODE ANN. § 26–2–114 and required by TENN. CODE ANN. § 26–2–114 to be filed in order for the debtor to exercise his exemption provided in TENN. CODE ANN. § 26–2–103.

The only other pertinent stipulated fact is that on November 30, 2001, this court entered an agreed order, approved for entry by the chapter 7 trustee and counsel for Hartley, which provided that the trustee was abandoning any interest in the sum of $4,894.85 being held by the clerk for the Washington County General Sessions Court pursuant to the garnishment. The order recites that Hartley requested the abandonment and states as grounds for the abandonment that "this case is a 'no asset' case and that the property is burdensome to the estate or is of inconsequential value and benefit to the estate."

Because of this abandonment, Hartley argues in his memorandum of law that this court lacks subject matter jurisdiction over the garnished funds. And, although neither the chapter 7 trustee nor the debtor has requested revocation of this abandonment, Hartley asserts that in the event such a request is made a chapter 7 trustee's abandonment may not be revoked. Lastly, Hartley contends that "[r]egardless of this court's jurisdiction or the trustee's abandonment, these matters are governed by *Norton v. Brokerage Oil Co.*"

II.

Before addressing both of these issues, the court initially notes that the debtor's avoidance request is predicated on § 522(h) of the Bankruptcy Code while *In re Norton* and *In re Smith,* the cases cited by the parties, are premised on § 522(f)(1). The latter section permits a debtor to avoid a judicial lien to the extent it impairs an exemption to which the debtor would have been entitled. *See* 11 U.S.C. § 522(f)(1).[2] Section 522(h) authorizes a debtor to avoid a transfer of property pursuant to the trustee's avoidance powers if the trustee does not exercise these powers and the debtor could have exempted the property under § 522(g)[3] which requires

---

**2.** Section 522(f)(1)(A) states that:
Notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ... a judicial lien
....
11 U.S.C. § 522(f)(1)(A).

**3.** Section 522(g) provides as follows:
Notwithstanding sections 550 and 551 of this title, the debtor may exempt under sub-

section (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
  (B) the debtor did not conceal such property; or

the transfer to have been involuntary and not concealed by the debtor. *See* 11 U.S.C. § 522(h).[4] An avoidance under § 522(f) may be brought by motion; § 522(h) requires the commencement of an adversary proceeding. *See In re Colston,* 213 B.R. 704, 706–09 (Bankr.S.D.Ohio 1997).

In this case, the debtor cites § 522(h) as the basis for his avoidance request and states in his motion that he is seeking to avoid the transfer of $4,000 to Hartley.[5] From the wording of this request, it appears that the debtor originally assumed that the garnished funds had actually been paid over to Hartley. However, according to the parties' stipulations and statements of counsel at the subsequent hearing, the funds have not been paid to Hartley but were still in the possession of the Washington County General Sessions Court clerk when the debtor's bankruptcy case commenced.

■■■ "In Tennessee the debtor's interest in garnished funds is not terminated until the court pays the funds over to the creditor." *Credit Bureau of Hopkinsville, Inc. v. Richardson (In re Richardson),* 52 B.R. 237, 240 (Bankr.M.D.Tenn.1985) (citing *Perry v. GMAC (In re Perry),* 48 B.R. 591 (Bankr.M.D.Tenn.1985); *Eggleston v. Third Nat'l Bank (In re Eggleston),* 19 B.R. 280, 285 (Bankr.M.D.Tenn.1982)). Furthermore, "[i]t is well established that

a writ of garnishment constitutes a judicial lien for purposes of the lien avoidance provisions of § 522(f)". *In re Bensen,* 262 B.R. 371 (Bankr.N.D.Tex.2001). *See also In re Perry,* 48 B.R. at 594 ("A garnishment lien does not allow an immediate right of possession but affords security for the payment of the judgment underlying the garnishment."); *In re Eggleston,* 19 B.R. at 284 (quoting *Beaumont v. Eason,* 59 Tenn. (12 Heisk.) 417, 418–421 (1873)) (In Tennessee, "service of the garnishment fixes a lien on the debt or effects in the hands of the garnishee."). As the courts have recognized, a wage garnishment may be both a preferential transfer and a judicial lien. *See Buzzell v. Montgomery Ward & Co. (In re Buzzell),* 56 B.R. 197, 198 (Bankr.D.Md.1986) ("Before garnished wages are paid over to the judgment creditor, ... the creditor has a judicial lien on those wages, and a transfer of those funds has occurred for purposes of § 547. If the voluntary Chapter 7 petition is then filed, a debtor may *either* recover those funds (if otherwise exempt) by avoiding the lien under § 522(f)(1), *or* by setting aside the preferential transfer under §§ 547 and 522(h) (assuming the other requirements of a preference are met)."). In any event, regardless of whether the debtor is proceeding under subsection (f) or (h) of § 522, both subsections require the debtor to establish whether he could have exempted the property but for the lien (if

---

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C § 522(g).

**4.** Section 522(h) states that:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or

724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

**5.** Although the debtor seeks relief under § 522(h) by way of motion, no procedural objection has been raised by Hartley. *See In re Colston,* 213 B.R. at 709 ("[T]he requirement to bring an action via an adversary proceeding may be waived by the party that the requirement seeks to protect.").

§ 522(f) is utilized) or but for the transfer (under § 522(h)). *See* 11 U.S.C. § 522(f) and (h). It is with respect to this requirement that the parties in the instant case disagree.

## III.

■ Prior to addressing the exemption question, the court will first consider Hartley's contention that this court is without subject matter jurisdiction to decide the fate of the garnished funds because the chapter 7 trustee has abandoned any interest of the estate in the property. This argument has little merit. Pursuant to 28 U.S.C. § 1334(e), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case, and of the property of the estate." As authorized by 28 U.S.C. § 157(a), this grant of exclusive jurisdiction over both property of the estate and property of the debtor has been referred to the bankruptcy judges in this district. *See Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 56 (Bankr.E.D.Tenn.1999). Specifically set forth as core proceedings over which the bankruptcy judges have full authority to enter final orders and judgments are the "allowance or disallowance ... of exemptions from property of the estate", 28 U.S.C. § 157(b)(2)(B); "proceedings to determine, avoid, or recover preferences," § 157(b)(2)(F); and "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). This express Congressional delegation of authority has led the courts to universally recognize that the bankruptcy judges have subject matter jurisdiction over these type of core proceedings. *See, e.g., In re Swift*, 124 B.R. 475, 478 (Bankr.W.D.Tex.1991) (exemptions issues); *In re Walters*, 142 B.R. 192, 193 (Bankr.S.D.Ohio 1992) (preference action by debtor under § 522(h)); *In re Bu-chardt*, 114 B.R. 362, 363 (Bankr.N.D.N.Y. 1990) (judicial lien avoidance).

Contrary to Hartley's assertion, the mere fact that property is no longer property of the estate because it has been abandoned by the trustee does not vacate the court's jurisdiction since it also has jurisdiction over "property of the debtor." As explained by one bankruptcy court in rejecting the same argument raised by Hartley herein:

> The abandonment by the Trustee pursuant to 11 U.S.C. Section 554(a) does not divest this court of jurisdiction to enforce the rights of the debtors as to their exemption in the property. Property may be abandoned by the Trustee so that the estate is not burdened with property which is so encumbered or obviously exempt as to be of no value to unsecured creditors. [Citation omitted.] While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. Section 1471(e) [the predecessor to § 1334(e) ], and actions against the property of the debtor are still stayed under 11 U.S.C. Section 362(a)(5).

*Bennett v. Commercial Credit Plan (In re Bennett)*, 13 B.R. 643, 645 (Bankr. W.D.Mich.1981)(§ 522(f) action). *See also Fitzgerald v. Davis (In re Fitzgerald)*, 29 B.R. 41, 42–43 (Bankr.E.D.Va.1983), *vacated and remanded on other grounds*, 729 F.2d 306 (4th Cir.1984), (adopting *In re Bennett* in debtor's action to avoid judicial lien under § 522(f)(1)); *In re Mangold*, 244 B.R. 901, 904 (Bankr.S.D.Ohio 2000)(adopting *In re Fitzgerald* in debtor's § 522(f) lien avoidance action); *Roberson v. Hunter (In re Roberson)*, 7 B.R. 34, 35 (Bankr.D.Idaho 1980)(abandonment by trustee did not oust court of jurisdiction to

determine avoidance action by debtor under § 522(h)).

In fact, one court has noted that because § 522(h) is primarily designed to give the debtor the rights the trustee could have, but has not, pursued, the debtor's right to recover property under this particular section of the Code is actually predicated on some form of abandonment by the trustee. *In re Taylor,* 8 B.R. 251, 253 (Bankr.D.C. 1981). The cases cited by Hartley in support of his proposition that this court is without jurisdiction did not concern disputed exemption claims or avoidance actions expressly permitted to be brought by the debtor pursuant to either § 522(f) or (h) of the Bankruptcy Code.[6] Accordingly, the cases relied upon by Hartley are inapposite on this issue.

## IV.

■ The court now turns to the primary issue in the case, whether the debtor's prepetition, procedural "waiver" of the Tennessee exemption precludes the debtor's attempt in this bankruptcy case to avoid a lien which impairs that "waived" exemption. In support of his contention that the lien can not be avoided, Hartley relies on the *Norton* decision. In *Norton,* the defendant Brokerage Oil Company obtained a judgment against Norton. In order to satisfy the judgment, Brokerage issued an execution and obtained possession of Norton's 1969 Chevrolet wrecker. Before Brokerage could sell the wrecker, Norton filed for chapter 7 relief, claiming the wrecker exempt under TENN. CODE ANN. § 26–2–102.[7] *In re Norton,* 30 B.R. at 713. The debtor Norton also filed an adversary proceeding against Brokerage, seeking to avoid its judicial lien under 11 U.S.C. § 522(f)(1). Brokerage responded that Norton was barred from claiming the wrecker as exempt because Norton had failed to comply with TENN. CODE ANN. § 26–2–114, the statutory procedure for exercising the personal property exemption under § 26–2–102. *In re Norton,* 30 B.R. at 712–13.

Subsection (a) of TENN. CODE ANN. § 26–2–114[8] provides:

> Should a bona fide citizen permanently residing in Tennessee become a judgment debtor, such debtor must exercise the exemption as provided in § 26–2–103 [formerly § 26–2–102] by filing a list of all the items owned, constructive or actual, which the judgment debtor chooses to declare as exempt, together with the value of each such item. Such listing shall be on oath and filed with the court having jurisdiction.

TENN. CODE ANN. § 26–2–114(a). Subsection (b) of this statute establishes the effective date of any such claim of exemption. As set forth therein:

> Such claim for exemption . . . may be filed either before or after the judgment in the case has become final and shall have effect as to any execution issued after the date such claim for exemption is filed. However, . . . a claim for exemption filed after the judgment has

---

6. *See Sherrell v. Fleet Bank of New York (In re Sherrell),* 205 B.R. 20, 22 (N.D.N.Y.1997); *DeVore v. Marshack (In re DeVore),* 223 B.R. 193, 200 (9th Cir. BAP 1998); *Laroche v. Tarpley (In re Tarpley),* 4 B.R. 145 (Bankr.M.D.Tenn. 1980).

7. This is the same Tennessee statute pursuant to which the debtor in the instant case is asserting his exemption claim. In 2000, the Tennessee legislature renumbered TENN. CODE ANN. § 26–2–102 to § 26–2–103.

8. The version of TENN. CODE ANN. § 26–2–114 being quoted is the current one in effect when this bankruptcy case was commenced. Although its language differs slightly from the version considered by the court in *In re Norton,* the differences are immaterial.

become final will have no effect as to an execution which is issued prior to the date the claim for exemption is filed, and as to such preexisting execution the claim for exemption shall be deemed waived.

TENN. CODE ANN. § 26-2-114(b).

Brokerage argued that because Norton did not file its exemption claim until after execution was issued, the exemption claim had no effect and was "deemed waived" under the clear language of § 26-2-114(b). Judge Bare, the bankruptcy jurist in *Norton*, agreed. The court relied upon the United States Supreme Court's decision in *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), and cited the fourteenth edition of the treatise COLLIER ON BANKRUPTCY for the proposition that "a bankrupt cannot claim an exemption which has not been established in accordance with the requirements of state law at the time of filing the petition .... " *In re Norton*, 30 B.R. at 715 (quoting 1A COL-LIER ON BANKRUPTCY ¶ 6.07 (14th ed.1972)). Judge Bare also relied in part on the Sixth Circuit Court of Appeals' decision in *Rhodes v. Stewart*, 705 F.2d 159 (6th Cir. 1983), wherein the court upheld the validity ·of the Tennessee "opt-out" statute which restricts Tennessee citizens to state exemptions in bankruptcy cases. Judge Bare observed that in *Rhodes*, the Sixth Circuit cited with approval the Fourth Circuit Court of Appeals' holding in *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir. 1982), that "§ 522(b)(1) affords each state the option to restrict its residents to the exemptions permitted by the laws of the particular states and that the residents of those states which have exercised the option to opt-out are not only restricted to state exemptions 'but must moreover comply with the state mechanisms for claiming those exemptions.'" *In re Norton*, 30 B.R. at 715 (quoting *Rhodes*, 705 F.2d at 164). In the present case, Hartley argues

that the facts herein are "on all fours" with *In re Norton*, which Hartley characterizes as "the law in the Eastern District of Tennessee."

The debtor on the other hand, asks this court to adopt the holding in *In re Smith*, 119 B.R. 757 (Bankr.E.D.Cal.1990). In *Smith*, a creditor filed a notice of lien in a debtors' pending personal injury cause of action after the creditor obtained a judgment against the debtors. *Id.* at 759. Under California law, when a lien is created on a cause of action, the judgment debtor bears the burden of claiming an exemption in the cause of action not later than thirty days after he or she receives notice of the creation of the lien. The failure of the judgment debtor to comply with this time requirement in the words of the statute "constitutes a waiver of the exemption." *Id.* (quoting CAL. C. CIV. PROC. § 708.450(a)).

The judgment debtors in *Smith* never responded to the notice of lien. Instead, almost a year later, they filed for chapter 7 relief and asserted in their schedule of exemptions an exemption in the cause of action. The debtors also filed a motion to avoid the creditor's judicial lien under § 522(f)(1) of the Bankruptcy Code. *Id.* The creditor objected, based primarily on two contentions. The first argument raised by the creditor was that the debtors' failure to preserve their exemptions prior to the filing of the bankruptcy petition when the creditor perfected its lien "effectively transmogrified the encumbered property from 'property of the debtor' to property of [the creditor] and consequently, foreclosed the utilization of § 522(f)(1) to avoid the resulting judicial lien." *Id.* at 760. The court rejected this argument, observing that the creditor had mistakenly "equate[d] the lien's creation with the fulfillment of its purpose which

cannot happen until the assert is converted." *Id.* at 761. "Thus, just like the debtor's ownership rights in its equipment survived levy and seizure by the Internal Revenue Service in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 211, 103 S.Ct. 2309, 2317, 76 L.Ed.2d 515, 526 (1983) ('Ownership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale'), so the Debtors' ownership rights in the personal injury lawsuit in the case at bar survived the attachment of [the creditor's] lien." *Id.*

The creditor's second argument concerned the proper construction of 11 U.S.C. § 522(f)(1). *Id.* It was the position of the debtors in *Smith* that regardless of their prepetition failure to claim the exemption pursuant to the state law, § 522(f)(1) plainly permits the avoidance of judicial liens "notwithstanding any waiver of exemptions." In response, the creditor asserted that "the phrase 'notwithstanding any waiver' found in the text of § 522(f) refers only to 'contractual' or 'consensual' waivers of exemptions as opposed to 'statutory' or 'procedural' waivers." *Id.* This assertion was based on the holding in *In re Norton* and the fact that § 522(e), the subsection which specifically addresses exemption waivers, is only applicable to contractual or consensual liens. *See* 11 U.S.C. § 522(e) ("A waiver of an exemption executed in favor of a creditor that holds an unsecured claim ... is unenforceable ....").[9]

The *Smith* court refused to follow *In re Norton*, noting that neither *Zimmerman* nor *White*, the cases relied upon by *In re*

*Norton*, involved a § 522(f) motion to avoid lien. *Id.* While the court agreed that under § 522(e) statutory waivers of exemptions remain enforceable against a debtor in bankruptcy proceedings, the court rejected the assertion that § 522(e) was intended to modify a debtor's right to lien avoidance pursuant to § 522(f), observing that the courts which had construed § 522(f) in this fashion "ignor[ed] the adjective 'any' before the word 'waiver' in § 522(f)." *Id.* at 761. As concluded by the court:

> [A]lthough states such as California which have opted out of the federal exemption scheme have the exclusive jurisdiction to restrict the availability of exemptions, the availability of lien avoidance is a matter strictly governed by federal law. [Citations omitted.] Section 522(f)(1) permits the debtor to "avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien" and, by its plain language, permits the Debtor to avoid such liens "notwithstanding any waiver" of the exemption. Consequently, this court concurs with and adopts the recent observation by the Eighth Circuit Court of Appeals that "the plain meaning of section 522(f) demands the conclusion that a debtor may avoid a lien on exempted property despite the debtor's waiver of the exemption." (*In re Thompson*, 884 F.2d 1100, 1103 (8th Cir.1989), citing *Dominion Bank of Cumberlands, N.A. v. Nuckolls*, 780 F.2d 408, 412 (4th Cir.1985)(Debtor may use § 522(f) to

---

9. The full text of subsection (e) provides:

A waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section. A waiver by the debtor of a power under

subsection (f) or (h) of this section to avoid a transfer, under subsection (g) or (i) of this section to exempt property, or under subsection (i) of this section to recover property or to preserve a transfer, is unenforceable in a case under this title.

11 U.S.C. § 522(e).

avoid lien on homestead notwithstanding valid waiver of homestead exemption)). *Id.* at 761–62.

Both *In re Smith* and *In re Norton* were examined by the bankruptcy court in *In re Knestrick,* an unreported decision by Judge Aleta Trauger of the Middle District of Tennessee, wherein the court was called upon to resolve the precise issue presently before this court on similar facts. *See In re Knestrick,* Case No. 394–02939 (Bankr.M.D.Tenn. July 1, 1994). In *Knestrick,* the creditor, Tennessee Teachers Creditor Union ("TTCU"), obtained a judgment against the debtor in General Sessions Court for Davidson County. Although thereafter the judgment debtor filed an "Affidavit of Claim of Exemption" pursuant to TENN. CODE ANN. § 26–2–114, claiming as exempt certain funds in two different banks, no claimed exemption was asserted in funds of the debtor at a third bank. Accordingly, TTCU caused an execution to be issued and served upon the third bank, prompting the debtor to file for chapter 7 relief and claim an exemption in the bank account. TTCU filed an objection to the exemption and the debtor thereafter filed a motion to avoid TTCU's judgment lien. As phrased by Judge Trauger, "[t]he question presented is whether the debtor may avoid a judgment lien impairing an exemption which was not properly exercised under state law prior to the filing of the bankruptcy." After an examination of both *In re Smith* and *In re Norton* and the cases cited therein, the *Knestrick* court concluded that the debtor could avoid the lien and claim the exemption. This court takes the liberty of quoting extensively from *In re Knestrick:*

> The *Norton* case relied for its holding on authority which does not determine the outcome in this case. *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) held that a debtor could not claim a homestead exemption which had not been properly exercised under state law at the time of the filing of his petition. *See Norton,* 30 B.R. at 715. However, the *White* case was decided under the Bankruptcy Act, which did not contain a provision parallel to § 522(f). *See In re Berry,* 33 B.R. 351, 353–53 (Bankr.W.D.N.C.1983). Likewise, the section from the 14th edition of COLLIER ON BANKRUPTCY relied upon reflects pre-Code law. *See Norton,* 30 B.R. at 715 (citing 1A COLLIER ON BANKRUPTCY ¶ 6.07 at 826 (14th ed.1972)). The 15th edition of COLLIER no longer contains the quoted passage in its discussion of exemptions under § 522.
>
> . . . .
>
> None of the cases cited in Norton specifically addresses § 522(f)(1), which provides that: *"Notwithstanding any waiver of exemptions . . . ."* (Emphasis in original.) Under this clear provision, despite the fact that the debtor may have waived the exemption as to these funds under state law by not amending his Affidavit to show Cheatham State Bank, he has not waived the exemption in this bankruptcy. Section 522(f)(1) specifically nullifies such state law mandated waivers and allows debtors to claim their exemptions despite the fact that procedural irregularities would cause such exemptions to be waived under state law.
>
> Given the clear language of § 522(f) and T.C.A. § 26–2–114(b), the court agrees with and adopts the reasoning of *In re Smith,* 119 B.R. 757 (Bankr. E.D.Cal.1990), and *In re Berry,* 33 B.R. 351 (Bankr.W.D.N.C.1983) . . . .
>
> The court finds no need to deviate from the plain language of § 522(f)(1).

*In re Knestrick,* at pp. 2–4.

The *Berry* decision cited by the *Knestrick* court involved facts identical to those

herein and in *In re Knestrick*. North Carolina like Tennessee is an "opt-out" state. Under the procedure established by N.C. GEN. STAT. § 1C–1603(e)(2), a judgment debtor is prescribed a certain amount of time in which to claim his exemption. If that right is not timely exercised, the "judgment debtor has waived the exemption . . . ." The judgment debtor in *Berry* failed to exercise his claim of exemptions and thereafter filed for chapter 7 relief. *Berry v. First–Citizens Bank & Trust Co. (In re Berry)*, 33 B.R. 351, 352 (Bankr.W.D.N.C.1983). When the debtor sought to avoid a judicial lien, the creditor asserted that the exemption had been waived and could not be reasserted in the bankruptcy case. *Id.*

The *Berry* court rejected this argument, stating that the creditor had "overlook[ed] the express language of Section 522(f)." *Id.*

> The North Carolina statutory provision involved herein is couched in terms of "waiver" which, absent Section 522(f) would, indeed, bar the debtor's right to exempt his property. But Section 522(f)(1) speaks directly to *"any* waiver of exemptions" and states that notwithstanding any such waiver, one can avoid the fixing of certain liens.

*Id.* at 354 (emphasis in original). The *Berry* court further reasoned:

> While it is true that Congress under Section 522(b) gave to the individual states the right to "opt-out" of Section 522(d), Section 522(f) remains for the debtor's use, and any attempt of the state in its prescribed exemption provisions to strike down the provisions of Section 522(f) would appear to be unconstitutional under the Supremacy Clause.

*Id.* at 352–53. Accordingly, the court concluded that the debtor could claim his exemption and avoid the judicial lien in question. *Id.* at 355.

With the exception of *In re Knestrick*, all of the decisions discussed above were rendered prior to the United States Supreme Court's decision in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). A close examination of *Owen* convinces this court that *In re Knestrick*, *In re Smith*, and *In re Berry* were correctly decided and that *In re Norton* should not be followed.

The first two sentences in the Supreme Court's decision in *Owen* are as follows:

> The Bankruptcy Code allows the States to define what property a debtor may exempt from the bankruptcy estate that will be distributed among his creditors. § 522(b). The Code also provides that judicial liens encumbering exempt property can be eliminated. 11 U.S.C. § 522(f). The question in this case is whether that elimination can operate when the State has defined the exempt property in such a way as specifically to exclude property encumbered by judicial liens.

*Id.* at 306, 111 S.Ct. 1833.

*Owen* involved a chapter 7 debtor who sought to claim a homestead exemption in his condominium pursuant to the laws of Florida, an "opt-out" state. *Id.* Under Florida law, however, homestead exemptions are inapplicable to preexisting liens, *i.e.*, liens that attached before the property assumed its homestead status. When the debtor moved to avoid such a preexisting judgment lien pursuant to 11 U.S.C. § 522(f)(1), the creditor objected, observing that § 522(f) only permits the avoidance of a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of [§ 522] . . . ." The creditor asserted that because the debtor could not claim the property exempt under Florida law due to the preexisting lien, the lien

did not impair the debtor's exemption. The bankruptcy court agreed with the creditor and refused to decree the avoidance. *Id.* at 308, 111 S.Ct. 1833. Both the district court and the Court of Appeals for the Eleventh Circuit affirmed. *Id.*

The Supreme Court, however, reversed the lower courts. The high court stated that the appropriate question under the precise language of § 522(f) was not "whether the lien impairs an debtor's exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself." *Id.* at 311–12, 111 S.Ct. 1833. Based on this language and the "[n]otwithstanding any waiver of exemptions" clause at the beginning of § 522(f), courts applying § 522(f) are to engage in a hypothetical state of affairs, asking if the debtor would be entitled to an exemption if the existence of the lien were disregarded. If so, the lien is to be avoided. *Id.* at 311–12, 111 S.Ct. 1833.

In reaching this conclusion, the Supreme Court specifically rejected the argument that had formed a basis for Judge Bare's conclusion in *Norton:* that residents in opt-out states are not only restricted to state exemptions but must also comply with the procedural state mechanisms for claiming those exemptions. *See In re Norton,* 30 B.R. at 715.[10] As stated by the Supreme Court:

Respondent asserts that it is inconsistent with the Bankruptcy Code's "opt-out" policy, whereby the States may define their own exemptions, to refuse to take those exemptions with all their built-in limitations. That is plainly not true, however, since there is no doubt that a state exemption which purports to be available "unless waived" will be given full effect, even if it has been waived, for purposes of § 522(f)—the first phrase of which, as we have noted, recites that it applies "notwithstanding any waiver of exemptions." [Citation omitted.] Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy disfavoring waiver of exemptions, whether federal- or state-created; so also it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.

*Owen,* 500 U.S. at 313, 111 S.Ct. 1833. Accordingly, the court concluded "that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." *Id.* at 313–14, 111 S.Ct. 1833.

Applying the lessons of *Owen* to the facts of the present case produces a similar result. As previously noted, under TENN. CODE ANN. § 26–2–114(b), a claim of exemption under § 26–2–103 is ineffective "as to an execution which is issued prior to the date the claim for exemption is filed," in other words a preexisting execution lien. Thus, just as the homestead exemption in Florida had no effect on preexisting liens, the exemption permitted by § 26–2–103 can not be asserted once an execution lien has attached. Nonetheless, if the execution lien, or in this case, the garnishment lien is disregarded, as the Supreme Court

---

**10.** As previously noted, this statement in *In re Norton* was derived from the Sixth Circuit's decision in *Rhodes,* 705 F.2d at 163. Judge Trauger noted in *In re Knestrick* that the Sixth Circuit's statement in this regard was dicta and therefore not binding authority because the issue in *Rhodes* was the constitutionality of Tennessee's opt-out statute under § 522(b)(1). Regardless of whether the statement was dicta or binding authority at the time, to the extent that it conflicts with *Owen,* it is no longer controlling.

instructed in *Owen*, there would be no impediment to the debtor claiming an exemption in the funds at issue in this case. Clearly, within the words of the statute, Hartley's garnishment lien impairs an exemption to which the debtor would have been entitled but for the lien, since it is the lien itself which otherwise prevents the exemption from being claimed. As such, Hartley's judicial lien may be avoided under § 522(f)(1).[11]

### V.

An order will be entered in accordance with this memorandum opinion, overruling the exemption objection and avoiding Hartley's judicial lien.

---

11. In light of this conclusion, any avoidance under § 522(h) as a preferential transfer is superfluous. *See In re Buzzell*, 56 B.R. at 199.